UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RODNEY ARNOLD LONG** : | | **CIVIL ACTION NO. 2:13-cv-2523** |
| **FED. REG. NO. 60730-066** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Rodney Long filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 on August 21, 2013.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITH PREJUDICE.**

### Background

A review of the pleadings and exhibits filed in the present matter as well as other cases filed by petitioner establish that he was arrested in the State of California on February 22, 2007, and was charged with possession of various controlled substances. *Long v. Williams*, No. 2:14-cv-2071 (U.S.D.C., C.D. Cal.) Doc. 1, p. 13.  On August 23, 2007, petitioner was sentenced in California to three years confinement. *Id.*  On October 18, 2007, while serving his state sentence, the United States Marshals Service ("USMS") obtained temporary custody of petitioner via a writ of *habeas corpus ad prosequendum* and transferred him to a federal facility

- 2 -

to await trial on federal charges.  *Id.*  Following a guilty plea entered in the United States District Court for the Eastern District of Pennsylvania, petitioner was sentenced on February 5, 2009, to a one hundred and twenty month term of imprisonment.  *Id.*.  He was returned to state custody on April 4, 2009, and was paroled by the State of California on June 16, 2009.  *Id.*  He was continued in custody pursuant to a USMS detainer.  *Id.*

On November 22, 2011, petitioner was granted a *nunc pro tunc* retroactive designation on his federal sentence.  *Id.*  Specifically, the BOP re-computed his sentence to commence on the sentencing date of February 5, 2009.  *Id.*

In the present action, petitioner asserts that the BOP has not given him credit for time served in federal custody from October 19, 2007, to April 6, 2009.

## Law and Analysis

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).  Nevertheless, petitioner is not entitled to habeas corpus relief unless he can demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

Title 18 U.S.C. § 3585, entitled Calculation of a Term of Imprisonment, determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in detention before the sentence began.  That statute provides in pertinent part, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … that has not been credited against another sentence."  The BOP also uses Program Statement 5880.28, Sentence Computation Manual, which states that "[c]redit will not be given for any portion of

time spent serving another sentence regardless of whether the sentence is federal, state, or foreign

Under the plain language of the above provisions petitioner cannot obtain credit toward his federal sentence for the time he served in custody if he received credit for that time with respect to another sentence. Petitioner was notified in a response to an administrative remedy proceeding dated September 12, 2012 that the period of time (October 19, 2007 to February 4, 2009) that he spent in federal custody via a federal writ of *habeas corpus ad prosequendum* was credited against his state sentence. Doc. 1, att. 3, p. 44. The record shows that less than two months after he was returned to state custody he was paroled on those charges. As explained by the Fifth Circuit in *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980), a prisoner in writ custody is considered "on loan" to the federal court because the court borrows the prisoner for the purpose of the court appearance. Simply because petitioner was in federal custody does not mean he is entitle to credit toward his federal sentence if that time has been applied toward another sentence. Consequently, petitioner is not entitled to any further credit for the period of time in dispute.

## Conclusion

Petitioner's sentence calculation comports with 18 U.S.C. § 3585(b), and he has not shown that he is in custody in violation of the Constitution and laws of the United States. Thus, his petition for *habeas corpus* should be dismissed. Therefore,

**IT IS RECOMMENDED THAT** petitioner's petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE